EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON (Cal. Bar No. 247094)
RYAN H. WEINSTEIN (Cal. Bar No. 240405)
Assistant United States Attorneys
OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3542/8957
     Facsimile: (213) 894-0142
     E-mail:    ben.barron@usdoj.gov
             ryan.weinstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>BERRY KABOV, et al.,<br><br>       Defendants. | No. CR 15-511-DMG<br><br>GOVERNMENT'S SUPPLEMENT TO OPPOSITION TO DEFENDANTS DALIBOR KABOV AND GLOBAL COMPOUNDING PHARMACY'S MOTION TO MODIFY CONDITIONS OF RELEASE; EXHIBITS |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Benjamin R. Barron and Ryan H. Weinstein, hereby files its Supplement to Opposition to Defendants Dalibor Kabov and Global Compounding Pharmacy's Motion to Modify Conditions of Release.

///

///

///

This Supplement is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 21, 2016                    Respectfully submitted,

                                         EILEEN M. DECKER
                                         United States Attorney

                                         LAWRENCE S. MIDDLETON
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                                /s/
                                         BENJAMIN R. BARRON
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

On March 7, 2016, defendants Dalibor Kabov and Global Compounding LLC filed identical motions for the Court to reconsider and modify the conditions of release to allow defendant Dalibor Kabov "to reapply on behalf of [Global Compounding] Pharmacy for DEA Registration for Schedule III, IV, and V non-narcotic controlled substances and be permitted to possess such controlled substances in the course of operating the Pharmacy."

On March 9, 2016, the government filed an opposition brief.

On the afternoon of March 21, 2016 – the day before the hearing on the motion is scheduled to occur – the defense filed a responsive brief and exhibits.  The defense filing is, as an initial matter, remarkable for what it does not respond to.  The defense brief fails to address that the pharmacy received and structured more than $1.5 million in cash; that it illegally imported controlled drugs from China; that in 2014 the pharmacy's oxycodone orders were three times higher than any other entity (including hospital pharmacies) in Los Angeles; that the pharmacy was almost exclusively filling prescriptions from a doctor who has been charged with corrupt practice, and whose practice areas were located miles away from the pharmacy; that the Kabovs had hundreds of thousands of dollars in liquid assets immediately available and enjoyed exorbitant lifestyles; and that they have a long-time history of illegal drug dealing both before and after the pharmacy was established.

Moreover, while the defense asserts that Global Compounding delivers its prescriptions "by common carrier or mail," the defense fails to address the fact that even these prescriptions were illegal, as Global Compounding did not have authorization to engage in cross-

state shipments, even putting aside the evidence that the Kabovs were using the mail to facilitate its black-market drug sales.

The defense brief also largely cuts against their arguments:

• The attorney advising the Kabovs on appropriate pharmacy practice, Herbert Weinberg, states that "[t]he vast majority of prescriptions filled by pharmacies are billed through claims submitted to prescription benefit companies" (Weinberg Dec'l ¶ 6), which of course supports the common-sense inference that pharmacies engaging in legitimate operations do not receive (let alone structure) hundreds of thousands of dollars in cash.

• Mr. Weinberg also states that pharmacy owners are supposed to give the pharmacist-in-charge control over the operations of the pharmacy, yet that was not occurring here. As reflected in Government Exhibit B attached hereto, during the January 2014 audit, the pharmacist-in-charge at Global Compounding, Michael Lowe, "behaved in a passive manner during the inspection," such that the auditor observed "that Dalibor KABOV was more of a leader in the pharmacy." Mr. Lowe "did not have keys to enter the pharmacy or the controlled substance area. Only Dalibor KABOV had key access to these areas," which was itself a "state violation." Mr. Lowe also "could not provide a DEA biennial inventory [of controlled drugs possessed by the pharmacy] and did not appear aware of DEA requirements for having a DEA biennial inventory."[1] Moreover, both Dalibor Kabov and Mr. Lowe "appeared to lack the necessary knowledge

_____

[1] http://www.deadiversion.usdoj.gov/pubs/manuals/pharm2/ pharm_manual.htm (explaining inventory and record-keeping requirements, including that pharmacies "must maintain complete and accurate records on a current basis for each controlled drug purchased . . . dispensed, or otherwise disposed of" and that such records "must be maintained for at least two years" and ).

2

to run a compliant compounding pharmacy." The pharmacy also "fail[ed] to properly clean and calibrate the equipment it uses" to handle controlled drugs, and the pharmacy was found to be dispensing "expired medications." (Exhibit B at ¶¶ 3, 5.)[2] Nor does Mr. Weinberg provide any explanation for why Global Compounding was submitting CURES data in large back-dated blocks, even after the January 2014 audit when the pharmacy was made aware that CURES was not receiving data for its prescriptions.[3]

- Similarly, the declaration of Patricia Hutchinson represents that the pharmacy did not fill oxycodone prescriptions in 2015, yet the defense fails to provide any explanation for the remarkable drop-off in oxycodone prescriptions filled by a pharmacy that, just a few months earlier, was the largest orderer of oxycodone in all of Los Angeles (and, in any event, was handling multiple other forms of controlled drugs such as steroids). Even the exhibits

---

[2] Exhibit B also further reflects the inherently suspect business relationship between the Kabovs and Dr. Joseph Altamirano. As noted in the government's opposition brief, Global Compounding was filling large volumes of controlled drug prescriptions issued by Dr. Altamirano, who was recently charged with Medicare fraud connected to his practice. During the January 2015 audit, Dalibor Kabov told the inspector that Global Compounding had an arrangement with Dr. Altamirano to have a driver "go[] to ALTAMIRANO's [Hollywood] office to pick up signed hardcopy prescriptions for ALTAMIRANO's patients," which were "then filled at GCP and driven back to ALTAMIRANO's office, where patients are supposedly waiting." (Exhibit B ¶ 8.) As the Court is surely aware, these types of arrangements are commonly charged as the modus operandi of fraud schemes, and the government is not aware of any legitimate reason for the same type of arrangement between Global Compounding and Dr. Altamirano. See, e.g., United States v. Grigoryan et al., 11-CR-1075-SJO (Medicare and Medicaid fraud case under which sham clinic retained drivers to fill sham prescriptions at select set of pharmacies).

[3] The defense also asserts that it was the pharmacy, not Dalibor Kabov, who held the DEA registration for the pharmacy's operation. This is a collateral issue but, in any event, it was Dalibor Kabov who applied for Global Compounding's registration and who was listed as its point of contact, further evidencing the scope of his control over the pharmacy's operations. See Exhibit C.

3

submitted by Ms. Hutchinson raise red flags: as shown in Exhibit A to her declaration, literally 99.97% of all money received by Global Compounding from January 2015 to the execution of the search warrant in October 2015 came either in the form of cash (more than $640,000) or from a single insurance provider ($2.65 million from "Pacific Care").

For the foregoing reasons, the government continues to submit that the Court should decline to modify the terms of bond.  The evidence supports the Court's original finding that the safety of the public mandates that the defendants not have a DEA registration, nor should they be allowed to handle controlled drugs.  Even in the event that the Court grants the modification, the government continues to move for the Court to enhance the release conditions to mandate submission of a cash bond by each of the defendants; as noted above, the defendants have not responded to the fact that they are capable of doing so, as evidenced by the hundreds of thousands of dollars in cash available to them on their arrests in this case.

# EXHIBIT B

**U.S. Department of Justice**
Drug Enforcement Administration

| | |
|---|---|
| **REPORT OF INVESTIGATION** | **Page 1 of 4** |

| 1. Program Code | 2. Cross File      Related Files | 3. File No.      4. G-DEP Identifier |
|---|---|---|
| 5. By: Kevin M Buntrock, DI <br>    At: Los Angeles FDO | ☐ <br> ☐ <br> ☐ <br> ☐ <br> ☐ | 6. File Title |
| 7. ☐ Closed ☐ Requested Action Completed <br> ☐ Action Requested By: | | 8. Date Prepared <br> 01-28-2014 |

9. Other Officers: DI Evangelina Alvarez

10. Report Re: Interview of De'Bora White, Inspector for the California Board of Pharmacy

## SYNOPSIS

On January 15, 2014, California State Board of Pharmacy (CSBOP) Inspector De'Bora White conducted an onsite inspection at GLOBAL COMPOUNDING PHARMACY (GCP), 1544 Purdue Avenue, Los Angeles, CA; DEA #FG3078498. After Inspector White's onsite inspection at GCP on January 15, 2014, Diversion Investigators (DI) Kevin Buntrock and Evangelina Alvarez interviewed Inspector White who provided information regarding GCP's dispensing and compounding activities, much of which she found to be unusual or in violation of California state law. Inspector White also provided information on Michael LOWE, a pharmacist working as the Pharmacist in Charge at GCP.

## DETAILS

1. On January 15, 2014, California State Board of Pharmacy (CSBOP) Inspector De'Bora White conducted an onsite inspection at GLOBAL COMPOUNDING PHARMACY (GCP), 1544 Purdue Avenue, Los Angeles, CA; DEA #FG3078498. Compounding pharmacies in California that have a California sterile compounding license are inspected on a yearly basis by the CSBOP.

2. After Inspector White's inspection at GCP on January 15, 2014, Diversion Investigators (DI) Kevin Buntrock and Evangelina Alvarez interviewed

| 11. Distribution: <br>    Division <br><br>    District <br><br>    Other    SARI ODG | 12. Signature (Agent) <br><br> Kevin M Buntrock, DI | 13. Date <br> 01-28-2014 |
|---|---|---|
| | 14. Approved (Name and Title) <br> /s/ Marlon C Whitfield, GS | 15. Date <br> 01-31-2014 |

**DEA** Form **- 6**
(Jul. 1996)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

KABOV_ 000458

**U.S. Department of Justice**
Drug Enforcement Administration

| REPORT OF INVESTIGATION | 1. File No. ▮▮▮▮▮▮▮▮ | 2. G-DEP Identifier ▮▮▮▮▮ |
|---|---|---|
| *(Continuation)* | 3. File Title ▮▮▮▮▮▮ | |
| 4. **Page   2   of   4** | | |
| 5. Program Code | 6. Date Prepared   01-28-2014 | |

Inspector White at the CSBOP's office located at 6150 Van Nuys Blvd., Van Nuys, CA 91401.

3. Inspector White stated that she met with Dalibor KABOV and Pharmacist in Charge (PIC) Michael LOWE. Reference is made to Report of Investigation (ROI) titled "Interview of Bobby GALEBI" from 04/16/2013 where GALIBI stated that pharmacist named "Mike" worked at GCP. Inspector White stated that LOWE behaved in a passive manner during the inspection and noted that it seemed that Dalibor KABOV was more of a leader in the pharmacy. Inspector White stated that Lowe could not provide a DEA biennial inventory and did not appear aware of DEA requirements for having a DEA biennial inventory. CSBOP records indicate that LOWE has been a licensed pharmacist since 1983. Inspector White noted that LOWE, as the PIC, did not have keys to enter the pharmacy or the controlled substance area. Only Dalibor KABOV had key access to these areas. Inspector White informed Dalibor KABOV and LOWE that it is a state violation for a PIC to not have access to these areas of GCP.

4. Inspector White provided CSBOP license information for LOWE, Dalibor KABOV and GCP (attached). Berry KABOV was not present at GCP during Inspector White's inspection.

5. Inspector White found many deficiencies and state violations during her inspection of GCP's compounding area. She informed DIs that Dalibor KABOV and LOWE appeared to lack the necessary knowledge to run a compliant compounding pharmacy. Inspector White noted that GCP was compounding expired medications. She also discovered many technical issues such as GCP failing to properly clean and calibrate the equipment it uses for compounding. In an email to DI Buntrock dated January 21, 2014, (attached) Inspector White stated that GCP's "high end" equipment consisted of an iso barrier, tablet maker, several computers and autoclave.

6. Inspector White informed DIs that a review of the California Department of Justice, Bureau of Narcotic Enforcement, Controlled Substance Utilization Review & Evaluation System (CURES) database revealed no prescription filled by GCP. She informed Dalibor KABOV of GCP's lack of CURES reporting. Dalibor KABOV became visibly upset and informed Inspector White that he pays for a service to transmit to CURES on a weekly basis.

**DEA** Form   **- 6a**
(Jul. 1996)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

KABOV_000459

**U.S. Department of Justice**
Drug Enforcement Administration

| | | |
|---|---|---|
| **REPORT OF INVESTIGATION**<br><br>*(Continuation)* | 1. File No. | 2. G-DEP Identifier |
| | 3. File Title | |
| 4.<br>**Page   3   of   4** | | |
| 5. Program Code | 6. Date Prepared<br>01-28-2014 | |

7. During the inspection, Inspector White reviewed GCP's dispensing log and took copies six prescriptions that GCP had recently filled. Inspector White stated that most of the prescriptions were written by Dr. Joseph ALTAMIRANO located at 13372 Newport Ave., Suite A, Tustin, CA 92780; BA1700396. ALTAMIRANO also maintains an office at 5300 Santa Monica Boulevard, Suite #202, Los Angeles, CA. ALTAMIRANO has been the focus of a DEA Los Angeles Field Division Tactical Diversion Squad case.

8. Inspector White gave copies of the ALTARMIARNO prescriptions (attached) filled GCP by DEA to DI Buntrock. Five of the six prescriptions were for oxycodone 30 mg, 180 count. One of the prescriptions was for oxycodone 30 mg, 60 count. Dalibor KABOV informed Inspector White that two to three times a month someone from GCP goes to ALTAMIRANO's Santa Monica Boulevard office to pick up signed hardcopy prescriptions for ALTAMIRANO's patients. The prescriptions are then filled at GCP and driven back to ALTAMIRANO's office, where patients are supposedly waiting.

9. Inspector White stated that Dalibor KABOV informed her that GCP fills about 30 prescriptions a day. Inspector White stated that most of the prescriptions she reviewed were for oxycodone while a few were for hydromorphone. She stated that most of GCP's compounding activities involved testosterone and human chorionic gonadotropin, a hormone commonly used in conjunction with anabolic steroids.

10. Inspector White stated that Dalibor KABOV informed her that GCP does mail filled testosterone prescriptions, but does not mail any oxycodone.

11. Inspector White observed that GCP did not have over-the-counter products for sale in the pharmacy.

12. Inspector White found it unusual that GCP, located in a "high rent" area, could survive with few customers and such low prescription dispensing volume.

13. This investigation continues.

---

**DEA** Form      **- 6a**
(Jul. 1996)

**DEA SENSITIVE**
**Drug Enforcement Administration**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

KABOV_ 000460

**U.S. Department of Justice**
Drug Enforcement Administration

| | | 1. File No. | 2. G-DEP Identifier |
|---|---|---|---|
| **REPORT OF INVESTIGATION** *(Continuation)* | | | |
| | | 3. File Title | |
| 4. **Page  4  of  4** | | | |
| 5. Program Code | | 6. Date Prepared 01-28-2014 | |

## ATTACHMENTS

1.  Copy of GCP's DEA Registration

2.  CSBOP license information for LOWE, Dalibor KABOV and GCP

3.  Email from Inspector De'Bora White describing compounding equipment

4.  Copies of prescriptions alleged filled by GCP

## INDEXING



**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

KABOV_ 000461

# EXHIBIT C

Record Status | Master Information | History Information | Investigative Information |

## Master Information for DEA Number: FG3078498
STATUS: ACTIVE PENDING
**CURRENTLY UNDER REVIEW/INVESTIGATION**

| | | |
|---|---|---|
| Expiration Date: 09/30/2017 | Office Name: LOS ANGELES (12) | ARCOS Status: NO |
| Last Renewed: 08/06/2014 | Web Tracking Id: 4593894 | CMEA Status: NO |
| Cert. Last Issued: 08/07/2014 | E-Signature: DALIBOR KABOV | DTL Status: NO |
| Registration Date: 03/02/2012 | Cert. Print: NO | QUOTA Eligible: NO |
| Date of Record: 02/15/2012 | Carfentanil: NO | |
| | NADDIS No: | |

### SECTION 1 & 2

Business Activity: RETAIL PHARMACY
Business or Facility Name: GLOBAL COMPOUND PHARMACY LLC
Additional Company Info.:                                Additional Company Info.:
Registrant Address: 1544 PURDUE AVE                     MailTo Address: 1544 PURDUE AVE
                    LOS ANGELES, CA 90025                               LOS ANGELES, CA 90025
Phone No.: (424) 832-3421 EXT.:                         Fax No.: (424) 832-3452
Contact Name: DALIBOR KABOV                             Contact Email: INFO@GLOBALCOMPOUNDINGPHARMACY.COM
SSN:                                                    Tax ID: 90-0664416
NPI:

### SECTION 3 & 4

| | 1 | 2 | 2N | 3 | 3N | 4 | 5 | L1 | |
|---|---|---|---|---|---|---|---|---|---|
| Drug Schedules: | | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | Order Forms Requested: |
| Restricted/Limited: | | | | | | | | | |

License Issuing State: CA          State License No.: PHY50713          Exp. Date: 02/01/2015
                                   CS License No.:                     Exp. Date:

### SECTION 5

There are no liabilities for this registrant.

### SECTION 6 & 7

Payment Type: AMERICAN EXPRESS          Payment Amount: 731          Payment Status: PAID

KABOV_ 001158

CSA Registration Information. Form: 224

| Name | Value | Name | Value |
|---|---|---|---|
| Record ID | 3080355 | Record Status | COMPLETE |
| Dea Number | W12009115A | Submit Time | 02-14-2012 13:40:05 |
| BusAct | A0 | Server / Origin | Web02 76.79.90.68 |
| Last Name | GLOBAL COMPOUND PHARMACY LLC | Charge Amount | 551 |
| First Name | | Elapsed Time | 13.8 |
| Address 1 | 1544 PURDUE AVE | Cert Name | DALIBOR KABOV |
| Address 2 | | FECO Institution | |
| Address 3 | | FECO Name | |
| City | LOS ANGELES | FECO Title | |
| State | CA | FECO Phone | null |
| Zip | 90025 | FECO Email | |
| Business Phone | 3105034779 | Mailing Address 1 | 11693 SAN VICENTE BLVD. #506 |
| POC Name | DALIBOR KABOV | Mailing Address 2 | |
| POC Email | DKABOV@GMAIL.COM | Mailing Address 3 | |
| Schedules | 01111110 | Mailing City | LOS ANGELES |
| Order Forms Req. | N | Mailing State | CA |
| State Lic Num | PHY50713 | Mailing Zip | 90049 |
| State Lic State | CA | Date of Birth | |
| State Lic Exp | 020113 | Degree | |
| Controlled Lic Num | | NPI | |
| Controlled Lic Exp | | Prof. School | |
| Tertiary Lic Num | | Prof. School Grad | |
| Tertiary Lic Exp | | CC Response Code | 255OO8OE |
| Liability B (1) | N | CC Approval Code | 186135 |
| Liability C (2) | N | Fee Exempt | N |
| Liability D (3) | N | | |
| Liability E (4) | N | | |

KABOV_001148

CSA Registration Information. Form: 224A

| Name | Value | Name | Value |
|---|---|---|---|
| Record ID | 4593894 | Record Status | COMPLETE |
| Dea Number | FG3078498 | Submit Time | 08-06-2014 13:28:39 |
| BusAct | A0 | Server / Origin | Web02 ::ffff:75.84.48.162 |
| Last Name | GLOBAL COMPOUND PHARMACY LLC | Charge Amount | 731 |
| First Name | | Elapsed Time | 9.68 |
| Address 1 | 1544 PURDUE AVE | Cert Name | DALIBOR KABOV |
| Address 2 | | FECO Institution | |
| Address 3 | | FECO Name | |
| City | LOS ANGELES | FECO Title | |
| State | CA | FECO Phone | null |
| Zip | 90025 | FECO Email | |
| Business Phone | 4248323421 | Mailing Address 1 | 1544 PURDUE AVE |
| POC Name | DALIBOR KABOV | Mailing Address 2 | |
| POC Email | INFO@GLOBALCOMPOUNDINGPHARMACY.COM | Mailing Address 3 | |
| Schedules | 01111110 | Mailing City | LOS ANGELES |
| Order Forms Req. | N | Mailing State | CA |
| State Lic Num | PHY50713 | Mailing Zip | 90025 |
| State Lic State | CA | Date of Birth | |
| State Lic Exp | 020115 | Degree | |
| Controlled Lic Num | | NPI | |
| Controlled Lic Exp | | Prof. School | |
| Tertiary Lic Num | | Prof. School Grad | |
| Tertiary Lic Exp | | CC Response Code | 25H0FO59 |
| Liability B (1) | N | CC Approval Code | 104856 |
| Liability C (2) | N | Fee Exempt | N |
| Liability D (3) | N | | |
| Liability E (4) | N | | |

KABOV_ 001149